UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARON JONES,

        Plaintiff,

                                                        Case No. 2:06-cv-10
v.                                                     HON.  R. ALLAN EDGAR

ROBERT TREADEAU, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Daron Jones, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Robert Treadeau and Sergeant Marshall.  Plaintiff also names three John Doe defendants.  Plaintiff alleges that on October 13, 2003, while housed at the Chippewa Correctional Facililty, he was charged with assaulting corrections officer Micheal Pelto.  Plaintiff alleges that on April 9, 2004, he was transferred to Baraga Maximum Correctional Facility.  On April 14, Officer S. Pelto informed plaintiff that he was related to M. Pelto.  Plaintiff alleges that he was threatened with physical injury. Plaintiff claims he was placed on food loaf at different times between April 16, 2004, and May 12, 2004, by defendant Treadeau, and was gassed and beaten on June 12, 2004.  Plaintiff alleges that defendant Marshall was in charge of the team that gassed him, and that he was beaten by the three John Doe defendants.  Only defendant Marshall has been served with a summons and complaint.

Defendant moves to dismiss the complaint for failure to exhaust grievance remedies. Plaintiff did not exhaust his grievance remedies against defendant Treadeau.  Defendant Marshall

argues that the complaint should be dismissed without prejudice under the total exhaustion rule as set forth by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). However, another panel of the Sixth Circuit has more recently held that *Jones-Bey* was improperly decided. In *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), the court held that the "partial exhaustion rule" is the law of this circuit requiring the dismissal of only those claims that are unexhausted and allowing the case to proceed on the exhausted claims. Since the Sixth Circuit is unable to affirmatively decide this issue, the safest course is to follow this newly established "partial exhaustion rule," until the Supreme Court hopefully resolves this issue later this term in *Williams v. Overton*, 126 S.Ct. 1463 (2006); *Jones v. Bock*, 125 S.Ct. 1462 (2006).

Accordingly, it is recommended that defendant Marshall's motion to dismiss the entire complaint without prejudice under the total exhaustion rule (Docket # 19) be denied and only defendant Treadeau be dismissed without prejudice from this complaint.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   October 26, 2006