UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARON JONES,

     *Plaintiff*,

v.
                                 Case No. 2:06-cv-10
                                 HON. R. ALLAN EDGAR

ROBERT TREADEAU, et al.,

     *Defendants*.

_____/

## MEMORANDUM  AND  ORDER

Plaintiff Daron Jones, a state prisoner in the custody of the Michigan Department of Corrections and an inmate at the Alger Maximum Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983 against defendants Robert Treadeau ("Treadeau") and Lincoln Marshall ("Marshall"). In his complaint, plaintiff also names three unknown John Doe defendants. Plaintiff has only effected service of process on Marshall.

42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Marshall moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the entire complaint without prejudice as to all defendants on the ground that plaintiff Jones failed to completely exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). Marshall contends that plaintiff did not exhaust his available administrative remedies concerning the alleged misconduct

1

or mistreatment of Treadeau.  Relying on *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), Marshall wants this Court to apply the *Jones-Bey* total exhaustion rule and dismiss the plaintiff's entire complaint as to all defendants.

This case was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1.  On October 26, 2006, the Magistrate Judge submitted his report and recommendation. [Doc. No. 25].  The Magistrate Judge finds that plaintiff Jones has not exhausted his available administrative remedies with regard to his claim against Treadeau.  The Magistrate Judge recommends that Marshall's Rule 12(b)(6) motion to dismiss the plaintiff's entire complaint as to all defendants be denied.  This recommendation is based on *Spencer v. Bouchard*, 449 F.3d 721, 725-26 (6th Cir. 2006), wherein the Sixth Circuit adopted the partial exhaustion rule and rejected the *Jones-Bey* total exhaustion rule. It is further recommended that only the plaintiff's complaint against Treadeau be dismissed without prejudice on the ground that plaintiff Jones failed to exhaust his available administrative remedies on his claim against Treadeau as required by 42 U.S.C. § 1997e(a).

Plaintiff has not timely filed an objection to the report and recommendation.  Marshall has filed an objection. [Doc. No. 26].  Marshall agues that the Magistrate Judge has  incorrectly followed and applied the *Spencer* partial exhaustion rule instead of the *Jones-Bey* total exhaustion rule.

After reviewing the record *de novo*, the Court concludes that Marshall's objection is without merit and it is **DENIED**.  In *Spencer*, 449 F.3d at 725-26, the Sixth Circuit holds that it has adopted the partial exhaustion rule.  When a prisoner's complaint brought under 42 U.S.C. § 1983 contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed.  After *Spencer*, the Sixth Circuit has

2

reaffirmed its adoption of the partial exhaustion rule in at least two recent cases.  *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006); *Bell v. Konteh*, 450 F.3d 651, 654-55 (6th Cir. 2006), *petition for certiorari filed*, 75 USLW 3248 (Oct. 17, 2006) (No. 06-592).

The *Spencer* partial exhaustion rule is currently the controlling law in the Sixth Circuit, and this District Court is bound to follow and apply it.  *Meeks v. Lavigne*, 2006 WL 2990495, * 2 (W.D. Mich. Oct. 19, 2006).  The question whether to apply the partial exhaustion rule or the total exhaustion rule in prisoner cases is the subject of considerable debate in the federal courts.  *See e.g. Hood v. Caruso*, 2006 WL 3344984 (W.D. Mich. Nov. 17, 2006).  At this juncture, this District Court must follow and apply the current *Spencer* partial exhaustion rule until such time as *Spencer* may be reversed or overruled either by the United States Supreme Court or the Court of Appeals for the Sixth Circuit.  *Meeks*, 2006 WL 2990495, at * 2.

Accordingly, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  The motion by defendant Marshall under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint as to all defendants [Doc. No. 19] is **DENIED**.  The plaintiff's complaint against defendant Robert Treadeau is **DISMISSED WITHOUT PREJUDICE** on the ground that plaintiff Jones failed to exhaust his available administrative remedies on his claim against defendant Treadeau as required by 42 U.S.C. § 1997e(a).

SO ORDERED.

Dated: December 1, 2006.

/s/    R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

3