UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DARON JONES,

       Plaintiff,

v.                                Case No.  2:06-cv-10
                                     HON. R. ALLAN EDGAR

ROBERT TREADEAU, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

       Plaintiff Daron Jones, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Robert Treadeau and Sergeant Marshall. Plaintiff also names three John Doe defendants. Plaintiff alleges that on October 13, 2003, while housed at the Chippewa Correctional Facililty, he was charged with assaulting Corrections Officer Micheal Pelto. Plaintiff alleges that on April 9, 2004, he was transferred to Baraga Maximum Correctional Facility.

       On April 14, 2004, Officer S. Pelto informed plaintiff that he was related to M. Pelto. Plaintiff alleges that he was threatened with physical injury.  Plaintiff claims he was placed on food loaf at different times between April 16, 2004, and May 12, 2004, by defendant Treadeau, and was gassed and beaten on June 12, 2004.  Plaintiff alleges that defendant Marshall was in charge of the team that gassed him, and that he was beaten by the three John Doe defendants.  Only defendant Marshall has been served with a summons and complaint.  Plaintiff's claims against Defendant Robert Treadeau were dismissed without prejudice on the ground that Plaintiff failed to exhaust his

available administrative remedies against Treadeau as required by 42 U.S.C. § 1997e(a). Plaintiff maintains that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

After this Court dismissed Plaintiff's claims against Defendant Treadeau for failure to exhaust administrative remedies, the United States Supreme Court decided *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007). In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." The Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the grievance procedures of the Michigan Department of Corrections. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Therefore, based on the Supreme Court's decision in *Jones v. Bock*, the undersigned recommends that Plaintiff's claims against Defendant Treadeau be reinstated. However, for the reasons set forth below, the undersigned recommends that Plaintiff's claims against Defendant Treadeau be dismissed on the merits.

Presently before the Court is Defendant Marshall's Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response in opposition, and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there

is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Marshall argues that he is entitled to summary judgment on Plaintiff's Eighth Amendment claim. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337,

- 3 -

345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958).  The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346.  Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

As noted above, Plaintiff is asserting that Defendants violated his right to be free from excessive force.  Plaintiff's claim involving the use of force must be analyzed under the Supreme Court authority limiting the use of force against prisoners.  This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings.  *See, e.g.*, *Whitley*, 475 U.S. at 321-22.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment.  *Rhodes*, 452 U.S. 347.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.  In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).  Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750,

at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

In numerous cases, the Sixth Circuit has held that restraints were penologically justified where, in light of the inmate's disruptive behavior, the inmate continued to pose a threat. *See Hayes*, 1994 WL 28606, at *1 (significant threat of further destructive behavior justified application of top-of-bed restraints against inmate); *Harris v. Ohio Dep't of Rehab/Corr.*, No. 91-3920, 1992 WL 56999, at *2 (6th Cir. March 24, 1992) (requiring inmate to wear restraint belt during visits was penologically justified); *Boswell v. Vidor*, No. 89-2372, 1990 WL 143501, at *1 (6th Cir. Oct. 2, 1990) (placing inmate in full restraints for twelve hours was justified where inmate had disobeyed a direct order by repeatedly refusing to return plastic gloves given to him for cleaning his cell); *Syncate-El v. Toombs*, No. 92-1421, 1992 WL 301270, at *2 (6th Cir. Oct. 21, 1992) (use of body chains during non-contact visits was justified in light of significant threat of further assaultive behavior given inmate's history of disruptive behavior).

In the opinion of the undersigned, Plaintiff's claims fail because it is clear that there was a penological justification for the use of soft restraints and chemical agents against him. According to the critical incident report, which is attached to Defendants's brief in support of the motion for summary judgment (Exhibit B to docket #30), Plaintiff initially covered his cell door window and refused to respond to staff. The Warden ordered soft restraints and the use of chemical agents after Plaintiff refused orders and made a threatening gesture with a pen. The Emergency Response Team (ERT) used chemical agents and entered Plaintiff's cell using a shield. Plaintiff was placed on a mattress, the pen was removed, and Plaintiff was placed in soft restraints and removed from his cell. Defendant Marshall also attaches his affidavit, and two separate misconduct reports

- 5 -

issued on June 12, 2004, which support his version of the events (Exhibits A, E, and F to docket #30).

Based on a review of the record in this case, the undersigned concludes that the force used by the ERT was necessary because of Plaintiff's own behavior.  The use of chemical agents to subdue Plaintiff under these circumstances is not unconstitutional and does not constitute cruel and unusual punishment.  "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to preserve prison order and discipline." *Bell v. Wolfish*, 441 U.S. 520 (1979).  Plaintiff claims that Defendant Marshall watched as members of the ERT kicked and beat him.  However, Plaintiff has produced no evidence of injuries consistent with being beaten and kicked by members of the ERT.  Defendant clearly took appropriate action to maintain safety and order in the prison.  Accordingly, the Court finds that Plaintiff cannot show, under the facts he has alleged, that the use of soft restraints and chemical agents to subdue Plaintiff violated his Eighth Amendment rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Marshalls' Motion for Summary Judgment (Docket #29).  Accordingly, it is recommended that Plaintiff's claims against Defendant Treadeau be reinstated pursuant to *Jones v. Bock*.  However, the undersigned concludes that Defendants Treadeau and Marshall are entitled to summary judgment and that this case should be dismissed in its entirety.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 8, 2007